**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DEOZ MILLER-HARRIS,**

                        **Plaintiff,**

          **v.**                                          **9:16-CV-541
                                                                          (FJS/DEP)**

**DAVID DINELLO, Doctor, Auburn
Correctional Facility,**

                        **Defendant.**
_____

**APPEARANCES**                               **OF COUNSEL**

**DEOZ MILLER-HARRIS
13-B-2224**
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **MATTHEW P. REED, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Pending before the Court is Magistrate Judge Peebles' August 7, 2018 Report and

Recommendation and Plaintiff's objections thereto. *See* Dkt. Nos. 57-58.

## II. DISCUSSION

On May 11, 2016, Plaintiff commenced this civil rights action against Defendant, a licensed physician in the employ of the New York State Department of Corrections and Community Supervision ("DOCCS"), pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. In his complaint, Plaintiff alleged that Defendant denied him adequate medical treatment following an injury he sustained as a result of his participation in a fight with a fellow inmate.

At the close of discovery, Defendant filed a motion for summary judgment dismissing Plaintiff's complaint. *See* Dkt. No. 44. In his motion, Defendant argued that Plaintiff had failed to establish the existence of a serious medical need, that the record reflected that Plaintiff had received adequate medical care for his injuries, that Plaintiff had failed to establish the personal involvement of Defendant in denying him sick call from September 5, 2015, to September 18, 2015, and that Plaintiff had failed to demonstrate that Defendant had a sufficiently culpable state of mind to support an Eighth Amendment violation. *See* Dkt. No. 44-2. Plaintiff opposed Defendant's motion. *See* Dkt. No. 49.

In a Report and Recommendation dated August 7, 2018, Magistrate Judge Peebles began his analysis by noting that, "because [P]laintiff was warned of the consequences of failing to properly respond to defendant's Local Rule 7.1 Statement, Dkt. No. 46 at 2, and he has failed to do so, [Magistrate Judge Peebles] [would] deem [D]efendant's facts contained in his Local Rule 7.1(a)(3) Statement as having been admitted to the extent they are supported by accurate record citations." *See* Dkt. No. 57 at 9-10 (citation omitted).

Magistrate Judge Peebles then addressed the merits of Plaintiff's medical indifference claims. *See id.* at 12-18. Magistrate Judge Peebles correctly noted that an inmate's claim that

prison officials had violated his Eighth Amendment rights by inflicting cruel and unusual punishment, *i.e.*, being deliberately indifferent to an inmate's serious medical needs, must satisfy both objective and subjective requirements. *See id.* at 13 (citations omitted). After thoroughly reviewing the record before him, Magistrate Judge Peebles concluded that "no reasonable factfinder could conclude either that [P]laintiff's injury was sufficiently serious or that, even assuming [P]laintiff [had] suffered a serious injury, [D]efendant Dinello [had] acted with deliberate indifference in treating it." *See id.* at 14-15. Moreover, Magistrate Judge Peebles noted that "the record fail[ed] to disclose the existence of any unconstitutional lapse in treatment of [P]laintiff's injury." *See id.* at 16.

In addition, Magistrate Judge Peebles found that "the record . . . before the court fail[ed] to reveal evidence from which a reasonable factfinder could conclude that [D]efendant possessed the requisite state of mind to support a claim of deliberate indifference." *See id.* at 17. Thus, Magistrate Judge Peebles concluded that Plaintiff's "failure to establish the requisite subjective culpable state of mind on the part of [D]efendant Dinello provide[d] another independent basis for dismissing [P]laintiff's deliberate indifference claims against him. *See id.* at 18.

Finally, Magistrate Judge Peebles noted that it appeared that Plaintiff was also alleging that Defendant failed to provide him with medical attention between September 4, 2015, and September 18, 2015, when he requested sick-call. *See id.* (citations omitted). However, Magistrate Judge Peebles found that "[t]here [was] no evidence in the record . . . that [D]efendant Dinello was personally involved in responding to [P]laintiff's alleged sick-call requests." *See id.* After noting that "'[p]ersonal involvement of defendants in alleged constitutional deprivations [was] a prerequisite to an award of damages under [section] 1983[,]'" Magistrate Judge Peebles found that

-3-

Plaintiff had "offered no basis from which a reasonable factfinder could conclude that [D]efendant was responsible for failing to arrange for sick-call on the dates [P]laintiff allegedly placed a request, and [D]efendant ha[d] denied being aware of those sick call requests." *See id.* at 18-10 (quotation and other citation omitted). Furthermore, Magistrate Judge Peebles found that there was "no basis in the record to conclude that any of [the] . . .alternative grounds for imposing supervisory liability exist[ed] in this case." *See id.* at 20.

For all the above stated reasons, Magistrate Judge Peebles recommended that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint

> [b]ecause the record now before the court fail[ed] to contain evidence
> from which a reasonable factfinder could conclude that [P]laintiff
> [had] met both the objective and subjective requirements necessary to
> support an Eighth Amendment deliberate indifference claim, and
> further based on lack of personal involvement on the part of
> [D]efendant Dinello in connection with failure of prison officials to
> permit . . . [P]laintiff to be seen at sick call.

*See id.* at 21.

As noted, Plaintiff filed objections to Magistrate Judge Peebles' recommendations. *See* Dkt. No. 58. With regard to his failure to respond to Defendant's Statement of Material Facts, *i.e.,* Defendant's Local Rule 7.1(a)(3) Statement, he asserted that none of the documents he had received specified that they were a Statement of Material Facts and had he known that he needed to oppose Local Rule 7.1(a)(3), he would have done so. *See* Dkt. No. 58 at 2.

With regard to the merits of his deliberate indifference claims, Plaintiff repeated many of the same arguments he had made in his opposition to Defendant's motion for summary judgment. *See, generally*, Dkt. No. 49. He also disagreed with Magistrate Judge Peebles' application of the law to the fact of this case. *See, generally,* Dkt. No. 58.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.""" *Samini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

Despite the fact that Plaintiff's objections are, for the most part, either reiterations of the arguments he made in his opposition to Defendant's motion and/or general in nature, the Court has reviewed the entire record *de novo*.[1] Having completed its review, the Court accepts Magistrate Judge Peebles' recommendations for the reasons set forth in his Report and Recommendation.

### III. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

---

[1] The Court also notes that, although Plaintiff did not oppose Defendant's Statement of Material Facts, the Court accepts as admitted only those facts in Defendant's Statement that are supported by accurate citations to the record. With regard to any facts that Defendant did not include in his Statement of Facts, the Court has resolved all ambiguities and drawn all permissible factual inferences in favor of Plaintiff as it is required to do when considering a motion for summary judgment. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

**ORDERS** that Magistrate Judge Peebles' August 7, 2018 Report and Recommendation, *see* Dkt. No. 57, is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment, *see* Dkt. No. 44, is **GRANTED** and Plaintiff's complaint is **DISMISSED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 4, 2018
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Judge